UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDDIE M. LINDE                            :
                                          :
    v.                                    :    C.A. No. 13-798L
                                          :
A.T. WALL                                 :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

In this matter, Eddie Linde ("Linde" or "Petitioner") filed his Petition for Writ of Habeas Corpus on December 26, 2013. (Document No. 1). On February 10, 2014, Respondent, State of Rhode Island, filed a Motion to Dismiss the Petition. (Document No. 7). Petitioner did not file a response or objection to the Motion to Dismiss. On March 5, 2014, this matter was referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the Motion and the Petition, I recommend that the Motion to Dismiss (Document No. 7) be GRANTED and that the Petition (Document No. 1) be DISMISSED with prejudice.

**Background**

On May 29, 2002, a Rhode Island Superior Court jury found Petitioner guilty of nine offenses including second degree murder, discharging a firearm while committing a crime of violence, assault with intent to murder, felony assault, and carrying a pistol without a license. See State v. Linde, 876 A.2d 1115, 1118 (R.I. 2005). Petitioner filed a direct appeal of his convictions with the Rhode Island Supreme Court. The Rhode Island Supreme Court denied his appeal and affirmed his convictions on July 7, 2005. See id. On or about March 17, 2006, Petitioner filed an

Application for Post-Conviction Relief in Rhode Island Superior Court, which was denied on January 6, 2012. (Document No. 7 at 4). The Rhode Island Supreme Court affirmed the denial of his Post-Conviction Relief Application on October 31, 2013. See Linde v. State, 78 A.3d 738 (R.I. 2013).

This is Petitioner's second 28 U.S.C. §2254 Petition. His first Petition, C.A. No. 06-292S was dismissed as unexhausted. Petitioner's claims are presently ripe for decision. Petitioner has identified several grounds on which he claims that he is being held unlawfully, which the State has grouped into four issues: (1) a Sixth Amendment claim of ineffective assistance of counsel; (2) a Fourteenth Amendment due process claim alleging the unconstitutionality of R.I. Gen. Laws § 11-47-3.2(b); (3) a Fourth Amendment "exclusionary rule" claim based on an allegedly illegal search; and (4) a claim alleging that the trial judge erroneously refused to instruct the jury on self-defense. The State of Rhode Island filed a Motion to Dismiss the Petition, arguing that each of Linde's claims fails to entitle him to federal habeas relief on the merits.

**Discussion**

The State argues that each ground presented in the Petition fails on the merits. With the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254, Congress restricted the power of federal courts to grant habeas relief to prisoners. This Court is guided in the consideration of Petitioner's claims by 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;...

The Court looks to McCambridge v. Hall, 303 F.3d 24 (1st Cir. 2002), for its guidance on applying the "unreasonable application" portion of § 2254(d)(1). McCambridge states that "'some increment of incorrectness beyond error is required'...[in an amount] great enough to make the [state court's] decision unreasonable in the independent and objective judgment of the federal court..." Id. at 36 (quoting Francis S. v. Stone, 221 F.3d 100, 111 (2nd Cir. 2000)). For example, a federal court may find a decision of a state court to be "unreasonable" if that decision is "devoid of record support for its conclusions or is arbitrary." Id. at 37 (citing O'Brien v. Dubois, 145 F.3d 16, 25 (1st Cir. 1998)). In Williams v. Taylor, 529 U.S. 362, 411 (2000), the Supreme Court noted that an "incorrect" application of federal law is not necessarily tantamount to an "unreasonable" one: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

Another category of state court errors that may be remedied on federal habeas review involves unreasonable determinations of fact. See 28 U.S.C. § 2254(d)(2). Under this standard, the state court's factual findings are entitled to a presumption of correctness that can be rebutted only by clear and convincing evidence to the contrary. Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001) (describing burden on habeas petitioner as a "high hurdle"). In this case, because Petitioner does not argue that the factual findings of the state courts were arbitrary or unreasonable, this Court must presume the factual findings of the Rhode Island Supreme and Superior Courts to be correct. Accordingly, there are no unresolved issues of material fact present, and the Court may resolve Petitioner's habeas challenge as a matter of law.

"To state a federal habeas claim concerning a state criminal conviction, the petitioner must allege errors that violate the Constitution, laws, or treaties of the United States." Evans v. Verdini, 466 F.3d 141, 144-145 (1st Cir. 2006) (citations omitted). "[F]ederal habeas corpus relief does not lie for errors of state law...." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Thus, the fundamental issue presented in this case is whether Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner has not shown that the decision in his underlying State Court case was contrary to clearly-established Federal law. Moreover, the State thoroughly addressed the merits of each potential claim advanced by Petitioner, and its arguments are well-supported. For these reasons, dismissal of Linde's Petition is warranted.

In addition to its failure on the merits, Petitioner's Objection to the State's Motion to Dismiss was due "not later than 14 days after service of the motion." See Local Rule Cv 7(b)(1). The State's Motion was filed on February 10, 2014 and the State certified that a copy of its Motion was placed in first-class mail to Petitioner on that date. Petitioner's response was therefore due no later than February 24, 2014. Petitioner has not filed any Objection, nor has Petitioner requested additional time to respond to the Motion to Dismiss. Although Plaintiff is entitled to certain accommodations because of his pro se status, his pro se status does not excuse him from complying with the Court's procedural rules. See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 n.4 (1st Cir. 2000). See also Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) ("[w]hile courts have historically loosened the reins for pro se parties...the 'right of self-representation is not a license not to comply with relevant rules of procedural and substantive law.'") (internal citations and quotations omitted). Accordingly, I recommend that the State's Motion to Dismiss (Document No. 7) be GRANTED and that Linde's Petition for Writ of Habeas

Corpus (Document No. 1) be DISMISSED because it fails to state any claim on which habeas corpus relief can be granted.

## Conclusion

For the foregoing reasons, I recommend that the State of Rhode Island's Motion to Dismiss (Document No. 7) be GRANTED and the Petition for Writ of Habeas Corpus (Document No. 1) be DISMISSED with prejudice. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 10, 2014